**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1.   TROY D. WHITE, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIV-18-368-F |
| 1.   CLIMATE MASTER, INC., | ) | |
| 2.   THE CLIMATE CONTROL GROUP, INC., and | ) ) | |
| 3.   NIBE INDUSTRIER AB, | ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | **ATTORNEY LIEN CLAIMED** |

## COMPLAINT

**COMES NOW** the Plaintiff, Troy D. White, and for his Complaint against Defendants alleges and states as follows:

## PARTIES

1. Plaintiff, Troy D. White, is an adult male resident of Canadian County, Oklahoma.

2. Defendants are:

   a. Climate Master, Inc. ("CMI"), an entity doing business in and around Oklahoma County, Oklahoma;

   b. The Climate Control Group, Inc. ("CCGI"), an entity doing business in and around Oklahoma County, Oklahoma; and

   c. NIBE Industrier AB ("NIBE"), an entity doing business in and around Oklahoma County, Oklahoma (collectively "Defendants").

## JURISDICTION AND VENUE

3. This cause of action arises out of Plaintiff's former employment with Defendants and is based on Plaintiff's claims of age discrimination and retaliation in violation of the Age Discrimination in Employment Act ("ADEA").

1

4. Jurisdiction over Plaintiff's federal causes of action is vested in this Court under 28 U.S.C. § 1331.

5. Plaintiff has exhausted his administrative remedies as to the above-listed claims. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against CMI on or about August 10, 2017. Plaintiff then filed an Amended Charge of Discrimination with the EEOC against CMI on or about August 17, 2017. In addition, Plaintiff timely filed Charges of Discrimination with the EEOC against CCGI and NIBE on or about August 17, 2017. Plaintiff received his Dismissal and Notice of Rights letters relating to the Charges filed against CCGI and NIBE on or about March 2, 2018. Plaintiff received his Dismissal and Notice of Rights letter relating to his Charge against CMI on or about March 13, 2018. Plaintiff has timely filed this action within ninety (90) days of receipt of his notices of right to sue.

6. Defendants are located in Oklahoma County and all acts complained of occurred in or around Oklahoma County. Oklahoma County is located within the Western District of the United States District Court of Oklahoma. Thus, venue is proper in this Court under 28 U.S.C. § 1391(b).

### STATEMENT OF FACTS

7. Plaintiff was born in 1953, making him over age of forty (40) at all relevant times hereto.

8. Plaintiff was employed by Defendants (or predecessors thereof)[1] for over twenty-one (21) years, from on or about October 24, 1995, until on or about April 24, 2017, at which time Plaintiff was wrongfully terminated.

---

[1] Upon information and belief, CMI is a wholly owned subsidiary of CCGI, purchased by NIBE in or around 2016.

9. Throughout his lengthy tenure, Plaintiff satisfactorily performed his job.

10. Plaintiff was hired as a Receiving Clerk, but was steadily promoted over the years due to his good job performance.

11. Ultimately, Plaintiff was promoted to a Shipping and Traffic Manager in or around 2000. He held this position for the remainder of his employment. And, he was selected as co-Employee of the Year in the early 2000s.

12. In or around September 2016, Peter Zimmerman was hired as Director of Operations, thus becoming Plaintiff's immediate supervisor.

13. On or about November 4, 2016, Zimmerman issued a 60-day performance improvement plan (PIP) to Plaintiff. This was so despite the fact that Plaintiff had not previously been told that he was not satisfactorily performing his job, nor had he received any discipline.

14. The PIP included a list of alleged performance deficiencies, including but not limited to accusations of missing shipments and Plaintiff skipping meetings with Zimmerman.

15. Plaintiff explained to Zimmerman that items missing from shipments were the result of the warehouse not having the inventory to ship the items, which was not Plaintiff's job responsibility. And, any missed meetings were the result of Plaintiff attempting to complete shipments for customers in a timely manner.

16. During the PIP meeting, Zimmerman asked Plaintiff how long Plaintiff intended to work and whether Plaintiff would be willing to go back to school to obtain a college degree. Plaintiff stated he intended to work until he was 70. Plaintiff further stated that college could not teach him what he had learned from years of experience, but that he would be willing to take some classes.

17. Zimmerman tried to pressure Plaintiff to terminate a 63-year-old employee under Plaintiff's supervision for not sending out shipments. However, the shipments were not sent because the product was incorrectly labeled. Plaintiff refused to fire the employee, telling Zimmerman the employee was 63, doing a good job, and there was no reason to fire him.

18. Per the PIP, Plaintiff was supposed to receive a review of his progress every 30 days. Yet, Plaintiff received no such review.

19. Plaintiff immediately addressed the goals in the PIP. And, at no time was he notified that he was not fulfilling the requirements of the PIP.

20. In fact, to the contrary, in or around mid-April 2017, Plaintiff received an annual performance bonus (approximately $3,500). And, Zimmerman also recognized that Plaintiff had shown improvement since the PIP.

21. Despite the foregoing, on or about April 24, 2017, Plaintiff was terminated. Zimmerman stated the reason for termination was that Plaintiff was no longer needed. No other reason was given.

22. Any proffered reason for termination is merely pretext for unlawful discrimination based on Plaintiff's age and opposition to unlawful age discrimination in the workplace.

23. Upon information and belief, Plaintiff was replaced by an individual in their 30s who does not hold a college degree.

24. As a direct and proximate result of Defendants' actions, Plaintiff has suffered injuries as described below.

## COUNT I: ADEA

For his first cause of action, Plaintiff incorporates all prior allegations and further

alleges and states as follows:

25. The matters alleged above constitute violations of the ADEA in the form of age discrimination and retaliation.

26. Plaintiff is entitled to relief under the ADEA because he was over the age of forty (40); he was qualified for his job; he was discharged and his position was not eliminated.

27. Plaintiff is also entitled to relief under the ADEA for retaliation because Plaintiff engaged in protected opposition to age discrimination; he suffered an adverse action subsequent to the protected activity; and a causal link exists between the protected activity and the adverse action.

28. As damages, Plaintiff has suffered lost earnings, past and future, and other equitable and compensatory damages allowed by the Civil Rights Act of 1991. Plaintiff is also entitled to liquidated damages based upon Defendants' willful conduct.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment in favor of the Plaintiff and against Defendants and award compensatory damages, back pay, front pay, liquidated damages, together with any appropriate equitable relief, pre- and post-judgment interest, costs and attorney's fees.

Respectfully submitted this 18th day of April, 2018.

                                        s/ Jana B. Leonard
                                        **JANA B. LEONARD, OBA #17844**
                                        **LAUREN W. JOHNSTON, OBA #22341**
                                        **SHANNON C. HAUPT, OBA #18922**
                                        **LEONARD & ASSOCIATES, P.L.L.C.**
                                        **8265 S. Walker**
                                        **Oklahoma City, Oklahoma 73139**
                                        **(405) 239-3800 (telephone)**
                                        **(405) 239-3801 (facsimile)**
                                        **leonardjb@leonardlaw.net**
                                        **johnstonlw@leonardlaw.net**
                                        **haupts@leonardlaw.net**